No. 17,827.

EDNA L. RICHARDS, ET AL. *v.* RICHARD BATTERTON, ET AL.
(298 P. [2d] 390)

Decided June 11, 1956.

Mr. J. EMERY CHILTON, for plaintiff in error.

Mr. JOHN C. BANKS, City Attorney, Mr. EARL T. THRASHER, Assistant, for defendant in error Richard Batterton, as Manager of Improvements and Parks of the City and County of Denver.

Mr. STANFORD L. HYMAN, for defendants in error Rosenberg, Plattner and Lewis.

554

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

The parties appear here as they appeared in the trial court, hence we shall refer to plaintiff in error as plaintiff and to defendants in error as defendants or by name.

Plaintiff sought a temporary and permanent injunction to restrain the completion of a curb cut and the establishment of a driveway across municipally owned property for the purpose of furnishing ingress and egress to off-street parking in the rear of a medical clinic building owned by Rosenberg, et al, on Gilpin Street in Denver, Colorado.

Plaintiff's complaint alleged that Rosenberg, Plattner and Lewis owned property adjoining plaintiff's property on Gilpin Street in Denver and that they had a building thereon used as a medical clinic; that defendant Batterton, Manager of Improvements and Parks of Denver, is charged with the duty of granting or refusing permits for curb cuts in Denver; that Rosenberg, Plattner and Lewis had applied for a permit to cut the curb on their property over and across lands owned by the city of Denver to afford a means of ingress and egress to a parking lot adjacent to the clinic building; that said application had been approved by the Traffic Engineer of Denver and awaiting final action by the proper authorities; that the action of the Traffic Engineer in approving said curb cut was "arbitrary and capricious and ill considered," because a traffic hazard would be thereby created; that there was no necessity therefor; that cutting the curb would create a nuisance for plaintiff and the neighborhood, and would depreciate the value of plaintiff's adjoining property. Plaintiff prayed for an injunction restraining defendants "from cutting the curb into Gilpin Street as sought in defendants' application."

A temporary restraining order was issued by the trial

court and a hearing on temporary injunction was set for October 21, 1955.

On the hearing for a temporary injunction the trial court heard evidence adduced by plaintiff and the defendants and denied the temporary injunction, holding that "If they receive a permit it's the contemplation of the court they may proceed to effect the curb cut, and the curb cut is the only thing in issue in this case." From the judgment so entered the plaintiff brings the cause here on writ of error.

It is claimed that the judgment of the trial court is "contrary to the evidence." This is the sole matter urged in the summary of argument.

■ There is no contention that the Manager of Improvements and Parks, or his agents, acted in excess of the scope of their lawful authority, neither is it contended that they did not, or would not, consider all applicable facts or fail to consider the interests and well-being of the general public before issuing the permit to install the driveway.

■ Obviously this case falls into that area of discretion where honest men may reasonably differ, and inasmuch as no fraud or bad faith is suggested, and certainly none was shown, the discretion lawfully exercised by the Manager and his agents must stand. *Bullington v. Grabow,* 88 Colo. 561, 298 Pac. 1059; *Baldauf v. Gunson,* 90 Colo. 243, 8 P. (2d) 265; *McLauthlin et al v. City and County of Denver,* 131 Colo. 222, 280 P. (2d) 1103.

A careful reading of the transcript herein convinces us that the following from the McLauthlin case, supra, is applicable to the instant case:

"In the instant case there is ample evidence in the record to support the trial court's findings; and having been determined upon conflicting evidence, they will not be disturbed on review. The law was properly applied to the facts so found."

The judgment is affirmed.

Mr. Justice Sparks does not participate.